Citation Nr: 1719092 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 15-25 029 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for prostate cancer, to include as due to exposure to trichloroethylene (TCE).


ATTORNEY FOR THE BOARD

J. Tunis, Associate Counsel











INTRODUCTION

The Veteran served on active duty for the Army from May 1956 to May 1959, with Navy Reserve service from August 1982 to October 1996

This matter is before the Board of Veterans' Appeals (Board or BVA) on appeal from an April 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. Jurisdiction of this matter has since been transferred to the RO in Chicago, Illinois.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems.

The Board notes that in July 2008, the Veteran filed a VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative, appointing AMVETS as his representative. However, in April 2016, prior to certification of the case to the Board, AMVETS notified the Board that it had withdrawn its services as the Veteran's representative. The Veteran was notified by letter of the withdrawal.

Under 38 C.F.R. § 14.631 (2016), a representative may withdraw from representation provided before a VA agency of original jurisdiction (AOJ) prior to certification of an appeal to the Board if such withdrawal would not adversely impact the claimant's interests. The Board finds that the representative's withdrawal has not adversely impacted the Veteran's interests. Accordingly, the representative's withdrawal was proper, and the Veteran is considered to be unrepresented at this time.

Additionally, the Board notes that the June 2015 Statement of the Case (SOC) included the issues of entitlement to service connection for hepatitis B and bilateral pes planus, in addition to the issue of entitlement to service connection for prostate cancer. However, on the June 2015 VA Form 9 the Veteran indicated that he had read the SOC, and that he wished to only appeal the issue of entitlement to service connection for prostate cancer, to include as due to exposure to Trichloroethylene (TCE). Therefore, the only issue currently on appeal to the Board is entitlement to service connection for prostate cancer, as reflected on the cover page.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran asserts that his prostate cancer is the result of his service, to include his exposure to TCE. The Veteran contends that during his service he worked with the chemical TCE to clean aircraft parts. The Veteran reports that after service he worked as an operating engineer and had no further exposure to chemicals. The Veteran's DD-214 indicates that the Veteran served as an "A/C Carb Repmn Instr." The Veteran's military personnel records also indicate that he served as an equipment and facilities petty officer while in the Reserves.

The Veteran was afforded a VA examination in June 2015. The examiner noted a diagnosis of adenocarcinoma of the prostate. The examiner also reported the Veteran's assertions as to working with TCE to clean while in service. The examiner found that the Veteran's prostate cancer was less likely than not incurred in or caused by the claimed in-service injury, event or illness, and provided the following rationale: 
"Review of literature on TCE's carcinogenic potential was completed. US Department of Health and Human Services National Toxicology Program's Report on Carcinogens, Monograph on Trichloroethylene published January 2015 concludes that TCE is known to be a human carcinogen, specifically showing that it causes kidney cancer. There is further epidemiologic evidence showing association and some evidence of cause between TCE and non-Hodgkin's Lymphoma. There is inconsistent causal association between TCE and liver cancer in humans. There is no evidence of any causal association between TCEs and prostate cancer."

However, in May 2011, the Veteran submitted Internet research from the American College of Occupational and Environmental Medicine, which states that a study was conducted to determine the long-term effects of workers being exposed to trichloroethylene, and found "excess of cancers of the stomach, pancreas, cervix uteri, prostate, and the nervous system among workers exposed to solvents." Given that the VA examiner's rationale states that there is no evidence of any causal association between TCE and prostate cancer, the Veteran's Internet research seems to contradict the VA examiner's rationale and requires clarification.

Thus, the Board remands this matter for an addendum opinion that addresses all evidence of record, to include the above mentioned research provided by the Veteran, and reconciles any contradictory evidence in a narrative report. 

Moreover, the record indicates that the Veteran's service treatment records (STRs) were burned in a fire. In December 2008, the Veteran was notified of his missing STRs. However, the June 2015 SOC includes "service treatment records for the period May 14, 1956 to May 13, 1959" as evidence considered. Thus, on remand, the RO is to clarify whether such STRs are available, and if so, associate such with the electronic claims file. Should they be unavailable, the RO is to provide the Veteran with proper notice of the inability to obtain the STRs from his active service. In particular, the notice must contain the following information: (i) The identity of the records VA was unable to obtain; (ii) An explanation of the efforts VA made to obtain the records; (iii) A description of any further action VA will take regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the appellant submits the records VA was unable to obtain; and (iv) Notice that the appellant is ultimately responsible for providing the evidence. 38 C.F.R. § 3.159 (e) (2016). 




Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. To the extent possible, obtain the Veteran's STRs from his active service. Should they exist, associate them with the electronic claims file.

Should they be unavailable, such must be noted in the record and the Veteran must be notified pursuant to 38 C.F.R. § 3.159 (e) (2016).

2. Obtain any outstanding VA or private treatment records relevant to the claim. Should they exist, associate such with the electronic claims record.

3. Thereafter, return the claims file to the June 2015 VA examiner, or, if the examiner is unavailable, to another suitably qualified examiner, to provide an addendum VA medical opinion. If it is determined that another examination is needed to provide the required opinion, the Veteran must be afforded the appropriate VA examination. The examiner must note that the claims file was reviewed. After a review of the claims file, the examiner must respond to the following: Is it at least as likely as not (i.e., a 50 percent or better probability) that the Veteran's prostate cancer was caused by or the result of the Veteran's military service, to include his exposure to the chemical TCE in service?

The examiner is directed to discuss the evidence of record and the Veteran's submitted Internet research, which asserts a link between his prostate cancer and workers exposed to such chemical solvents. The examiner is to reconcile any conflicting opinions with the medical research provided. See May 2011 (Internet research from the American College of Occupational and Environmental Medicine).

The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

A detailed rationale for the opinion must be provided. Review of the entire claims file is required.

If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

4. After ensuring compliance with the instructions above, and after conducting any additional development deemed necessary, readjudicate the issue on appeal. If the claim remains denied, provide the Veteran and his representative with a Supplemental Statement of the Case (SSOC) and allow an appropriate time for response before the case is returned to the Board for further appellate action, if otherwise in order.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).